FILED

2009 JAN -7 AM 10: 38

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

---

UNIFIED MARINE, INC.,

           Plaintiff,

v.

READ SAMPLES, MICHAEL KNOX, STEVE ARNOLD, FIRST SOURCE FAR EAST LTD., SIGNET PRODUCTS LTD., and SOUTHERN MARINE,

           Defendants.

Index No. _____

2:09-cv-9-FtM-29DNF

---

## COMPLAINT

Unified Marine, Inc., by and through its attorneys, Bond, Schoeneck & King, P.A., hereby alleges as its Complaint against the defendants Read Samples, Michael Knox, Steve Arnold, First Source Far East Ltd., Signet Products Ltd., and Southern Marine ("Defendants") as follows:

### JURISDICTION AND VENUE

1.    This is an action for patent infringement brought under the patent laws of the United States, including 35 U.S.C. §§ 271 *et seq*, trade dress infringement, trade dress dilution, unfair competition and deceptive trade practices arising under the federal Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1051, et seq., common law unfair competition,

breach of common law employee duty of loyalty/good faith, and tortuous interference with contracts and/or tortuous interference with an advantageous business relationship.

2. This Court has personal jurisdiction over Defendants because they make, use, offer to sell, sell and/or import in the United States and in the Middle District of Florida, either directly or through intermediaries and/or established distribution channels, a trailer jack wheel assembly that infringes U.S. Design Patent No. D501,975 owned by Unified, and trailer winch products in packaging that is virtually identical and confusingly similar to Unified's trailer winch packaging trade dress, and have thus (1) committed a tortuous act of infringement within this State and this District from which the causes of action arise, and/or (2) engaged and continue to engage in substantial and not isolated activity within Florida, whether interstate, intrastate, or otherwise.

3. This Court also has jurisdiction over Defendants, Reed Samples and Michael Knox, as, upon information and belief, they are residents of the State of Florida and this District.

4. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 35 U.S.C. § 281, and 15 U.S.C. § 1121.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b).

## PARTIES

6. Plaintiff Unified Marine, Inc. ("Unified") is a corporation organized and existing under the laws of the State of Tennessee and having a principal place of business at 1190 Old Ashville Hwy, Newport, TN. 37821. Since 1984, Unified has manufactured and sold marine, trailer and sporting good accessories throughout the United States.

2

1514323.1 1/6/2009

7. Upon information and belief, Defendant Read Samples ("Samples") is an individual residing at 18250 Partridge Court, Ft. Myers, Fl. 33908.

8. Upon information and belief, Defendant Michael Knox ("Knox") is an individual residing at 15 Sycamore Circle, Ormond Beach, Fl. 32174.

9. Upon information and belief, Defendant Steve Arnold ("Arnold") is an individual residing at 3722 Waxhaw Marvin Rd., Waxhaw, N.C. 28173.

10. Upon information and belief, Defendant Signet Products Ltd. ("Signet") is a corporation organized and existing under the laws of Hong Kong Special Administrative Region and having a place of business at Flat B, 10-F Eldex Industrial Building, 21 Ma Tau Wel Rd. Hungham, Kowloon, Hong Kong. Upon information and belief, Signet purposely directs infringing trailer jack wheel assemblies and/or trailer winch products with infringing product packaging into the United States through intermediaries and/or established distribution channels for sale or resale throughout the United States, including in the Middle District of Florida.

11. Upon information and belief, Defendant First Source Far East Ltd. ("First Source") is a division of Defendant Signet dedicated to the manufacture and sale of marine products. Upon information and belief, First Source purposely directs infringing trailer jack wheel assemblies and/or trailer winch products with infringing product packaging into the United States through intermediaries and/or established distribution channels for sale or resale throughout the United States, including in the Middle District of Florida.

12. Upon information and belief, Defendant Southern Marine & Personal Watercraft Supplies, Inc. ("Southern") is a corporation organized and existing under the laws of the State of Arkansas and having a place of business at 6600 Murray Street, #1 Little Rock, AR 72209. Upon information and belief, Southern imports, distributes, offers to sell, and/or sells infringing

trailer jack wheel assemblies and/or trailer winch products with infringing product packaging in the United States and the Middle District of Florida under the brand name Boater Sports, Overton's and/or Gamefisher, including trailer jack wheel assemblies and/or trailer winch products that were manufactured by First Source and/or Signet.

## BACKGROUND

13. Defendant Samples was hired by Unified on July 5, 1991 as a territory sales representative. Prior to January 10, 1998, Defendant Samples also held the positions of Sales Manager and National Sales Manager. From January 10, 1998 until November 4, 2004, Defendant Samples was vice-president and a Board of Director member of Unified. On or about April 11, 2002, Defendant Samples became a 5% owner of Unified. On April 27, 2005, Unified agreed to pay $50,000 to buy back Defendant Samples' 5% ownership shares by paying an upfront amount of $5,000 at the closing, as well as a promissory note for payment of the remaining $45,000 in quarterly installments of principal and interest over a ten (10) year period from the date of the closing (July 25, 2005).

14. In his role as officer, director, and part owner of Unified, Defendant Samples was privy to Unified's marketing strategies, advertising strategies, pricing strategies, customer lists, manufacturing strategies, and other confidential business information (collectively "confidential business information").

15. Upon information and belief, Defendant Arnold is an owner of Defendant Signet, and also owns Defendant First Source with Defendant Samples (Defendants First Source and Signet are hereinafter referred to as "Defendants First Source/Signet").

16. Upon information and belief, on November 4, 2004, Defendant Samples left Unified, and with Defendant Arnold formed Defendants First Source/Signet (a competitor to Unified).

17. Upon information and belief, Defendant Samples used Unified's confidential business information for his own advantage, and for the advantage of Defendants First Source/Signet, and to the detriment of Unified.

18. Upon information and belief, Defendant Knox is the former national account manager for Unified, who directly reported to Defendant Samples during his employment at Unified. Mr. Knox left the employment of Unified on August 12, 2008 and immediately thereafter began employment with Defendants First Source/Signet, with Defendants Samples and Arnold.

19. Upon information and belief, for approximately the last three to ten months of Defendant Knox's employment with Unified, Defendant Knox communicated confidential business information regarding Unified's sales practices to Unified ex-employee Defendant Samples, including information regarding the terms associated with sales of certain boating accessories to Defendant Southern. This confidential information was communicated for the advantage of Defendants Knox, Arnold, Samples, First Source/Signet and Southern, and to the detriment of Unified.

20. Unified is the owner of all right, title and interest in U.S. Design Pat. No. D501,975 ("the '975 patent"), which was filed on July 9, 2003 and duly issued on February 15, 2005. A copy of the '975 patent is attached hereto as **Exhibit A**. The '975 patent claims the ornamental design for a wheel assembly held to a boat trailer jack via a bracket, with a brake attached to the wheel.

21. To the best of Unified's knowledge and belief, this ornamental arrangement of parts on a trailer jack wheel assembly had never been created before it was conceived by employees of Unified.

22. Upon information and belief, Defendants First Source/Signet, make or have made, use, offer to sell, or sell within the United States, and/or import into the United States, including in the Middle District of Florida, a boat trailer jack that includes a trailer jack wheel assembly (including Part No. 75839 – Trailer Jack, sold under the Overton's brand, attached hereto as **Exhibit B**).

23. Upon information and belief, Defendants Samples, Arnold, and Knox, through Defendants First Source/Signet, participated in, induced, specifically authorized or approved, and/or actively aided and abetted the making, using, offering to sell, or selling within the United States, including in the Middle District of Florida, and/or importing into the United States, including in the Middle District of Florida, a boat trailer jack that includes a trailer jack wheel assembly (including Part No. 75839 – Trailer Jack).

24. Upon information and belief, Defendant Southern is a distributor of marine products manufactured by Defendants First Source/Signet under several brand names including Overton's, Boater Sports and Gamefisher.

25. Upon information and belief, Defendant Southern uses, offers to sell, or sells within the United States (including in the Middle District of Florida), and/or imports into the United States (including in the Middle District of Florida) a boat trailer jack that includes a wheel assembly (including Part No. 75839 – Trailer Jack).

26. Upon information and belief, when the design of Defendants' trailer jack wheel assembly (including Part No. 75839 – Trailer Jack) and the claimed design of the '975 patent are

viewed by an ordinary observer in light of the prior art, giving such attention as a purchaser usually gives, the two designs are substantially the same and the design of Defendants' trailer jack wheel assembly infringes the claimed design of the '975 patent, since the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.

27. Upon information and belief, Defendants' boat trailer jack wheel assembly (including Part No. 75839 – Trailer Jack) appropriates the novel ornamental features of the claimed design of the '975 patent that distinguishes it from the prior art.

28. Unified has been selling trailer winches throughout the United States in specific packaging for more than five years, including Part No. 50080525 (*see* **Exhibit C, No. 1**). This packaging utilizes a unique and distinctive trade dress consisting of a collection of non-functional elements that are incorporated into the packaging design. In particular, this packaging includes cubicle-shaped boxes with side faces that contain blue shaded upper and lower margins. The central portions of each side face are covered with a diamond plate sheet metal pattern image, which contains a superimposed picture of the trailer winch taken at an orthogonal angle. The generic name of the product - TRAILER WINCH – is written in large letters above the image.

29. Unified has expended and continues to expend large sums of money to promote its packaging design and to foster the enormous good will identified by this design. The trade dress and the good will associated therewith are of inestimatable value to Unified.

30. The trade dress of Unified's packaging design (the "trailer winch packaging trade dress") has acquired secondary meaning and is associated with and recognized by the public to represent products emanating from a single source and meeting a single standard of quality.

31. Unified has no adequate remedy at law.

## BREACH OF COMMON LAW EMPLOYEE DUTY OF LOYALTY/GOOD FAITH

32. Unified hereby repeats and realleges the allegation contained in paragraphs "1" through "31" as if fully set forth herein.

33. Defendants Samples and Knox have breached and continue to breach their common law duty of loyalty/good faith owed to Unified by misappropriating and unlawfully disclosing Unified's confidential business information, obtained while employed at Unified, for their own advantage and to Unified's detriment. Unified has been, and continues to be, irreparably damaged as a result.

34. Unified has incurred monetary damages as a result of Defendants Samples and Knox's breach.

35. Unified has no adequate remedy at law.

## PATENT INFRINGEMENT

36. Unified hereby repeats and realleges the allegation contained in paragraphs "1" through "35" as if fully set forth herein.

37. The unauthorized making, using, offering to sell, selling, and/or importing of the boat trailer jack that includes a wheel assembly constitutes infringement of the '975 patent under 35 U.S.C. § 271(a), (b) and/or (c).

38. Upon information and belief, Defendants knew of Unified's '975 patent and made the purposeful and willful decision to engage in their infringing activities.

39. Unified has been damaged in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the boat trailer jack that includes a wheel assembly by Defendants, together with interest and costs.

1514323.1 1/6/2009

40. Defendants have infringed the '975 patent and, upon information and belief, Defendants' direct, contributory, and/or induced infringement has been and is willful and deliberate.

41. The Defendants' willful infringement and deliberate disregard for Unified's statutory rights warrant a trebling of damages pursuant to 35 U.S.C. § 284, and a finding that this case is exceptional under 35 U.S.C. § 285, thereby entitling Unified to an award of costs and attorneys' fees.

42. Defendants have profited from and will continue to profit from their infringing activities.

43. Unified has been damaged by Defendants' infringing activities and will continue to be irreparably injured unless those infringing activities are enjoined by this Court.

44. Unified has no adequate remedy at law.

<u>FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT</u>

45. Unified hereby repeats and realleges the allegation contained in paragraphs "1" through "44" as if fully set forth herein.

46. Upon information and belief, Defendants First Source/Signet and Southern are marketing and selling at least one of Defendants First Source/Signet and/or Southern's trailer winch products (Gamefisher winch) in United States Commerce, including in the Middle District of Florida, in packaging that is virtually identical and confusingly similar to Unified's trailer winch packaging trade dress (*see* **Exhibit C, Unified Packaging – No. 1; Defendants' Packaging – No. 2**). As shown in **Exhibit C**, just like Unified's trailer winch packaging trade dress, Defendants' Gamefisher winch packaging includes cubicle-shaped boxes with side faces that contain blue shaded upper and lower margins, and the generic name of the product -

TRAILER WINCH – is written in large letters above the image. The image of the winch on each face of Defendants' Gamefisher winch packaging is taken not only at the same basic angle as Unified's trailer winch packaging trade dress, but also with the parts of the winch shown in virtually identical positions, including, for example, the hook shown on the end of the strap oriented straight downwardly and the handle oriented at about a 45 degree upwardly directed angle.

47. Upon information and belief, Defendants Samples, Arnold, and Knox, through Defendants First Source/Signet, participated in, induced, specifically authorized or approved, and/or actively aided and abetted the use of product packaging in United States Commerce, including in the Middle District of Florida, in connection with the marketing and sale of at least one trailer winch product (Gamefisher winch) that is virtually identical and confusingly similar to Unified's trailer winch packaging trade dress (*see* **Exhibit C**).

48. Upon information and belief, Defendants knew or should have known of Unified's exclusive rights in its trailer winch packaging trade dress before Defendants' infringing activity began.

49. Upon information and belief, Defendants have willfully traded upon the goodwill Unified has established in its trailer winch packaging trade dress, and have unfairly profited from Unified's reputation and brand image.

50. Defendants are not affiliated with or related to Unified.

51. Unified has not authorized or licensed Defendants to use elements of its unique and distinctive trade dress in connection with Defendants' trailer winch packaging.

52. Defendants' intentional and unlawful use of Unified's unique and distinctive trade dress constitutes a false designation of origin and a false description and false representation that

Defendants and its products originate with or are sponsored or approved by Unified. Defendants' actions are calculated and likely to cause confusion and mistake and to deceive customers, potential customers, and the public as to the true affiliation, connection, association, sponsorship or endorsement of Defendants and their products by Unified in violation of 15 U.S.C. § 1125(a).

53. Defendants' willful acts are causing and likely to cause substantial injury to the public, and such conduct has damaged and continues to damage Unified's good will and reputation to the irreparable injury thereof unless restrained by this Court.

54. Unified has incurred monetary damages as a result of Defendants' actions.

55. Unified has no adequate remedy at law.

## COMMON LAW UNFAIR COMPETITION

56. Unified hereby repeats and realleges the allegation contained in paragraphs "1" through "55" as if fully set forth herein.

57. By reason of Defendants' foregoing acts and conduct, Defendants have engaged in unfair competition with Unified, all to the continuing damage and irreparable injury of Unified.

58. Unified has incurred monetary damages as a result of Defendants' actions.

59. Unified has no adequate remedy at law.

## TORTIOUS INTERFERENCE WITH CONTRACTS and/or TORTIOUS INTERFERENCE WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP

60. Unified hereby repeats and realleges the allegation contained in paragraphs "1" through "59" as if fully set forth herein.

61. A contract and/or an advantageous business relationship existed between Unified and Lorenz & Jones Marine Distributors, Inc. ("Lorenz") under which Unified had legal rights

allowing Unified to display its products at a trade show in Tunica, Mississippi on or about October 13, 2008, and allowing Unified representatives to attend the trade show, in exchange for an $11,200 credit given to Lorenz.

62.  Upon information and belief, Defendant Southern had knowledge of the existence of the contract and/or advantageous business relationship.

63.  Upon information and belief, Defendant Southern intentionally and unjustifiably interfered with the advantageous business relationship and/or intended to induce breach of the contract by pressuring Lorenz not to allow Unified representatives to attend the trade show.

64.  Upon information and belief, Defendant Southern acted maliciously in retaliation against Unified after Defendant Southern discovered that Unified was allegedly selling its marine products direct to dealers in the Arkansas area.

65.  Upon information and belief, on or about October 9, 2008 Lorenz breached the contract between Lorenz and Unified by informing Unified that its representatives were not allowed to attend the trade show.

66.  Upon information and belief, Defendant Southern's action of pressuring Lorenz not to allow Unified representatives to attend the trade show was the proximate cause of Lorenz's breach of the contract.

67.  Unified has suffered damages as a result of the tortuous interference with the advantageous business relationship and/or breach of the contract.

68.  By reason of Defendant Southern's foregoing acts and conduct, Defendant Southern has committed tortious interference with the contract and/or tortious interference with an advantageous business relationship between Unified and Lorenz.

69.     Unified has incurred monetary damages as a result of Defendant Southern's actions.

## PLAINTIFF DEMANDS A TRIAL BY JURY

WHEREFORE, the plaintiff prays that the Court:

1.      Enter judgment in favor of Unified and against all Defendants on all counts asserted in this Complaint.

2.      That judgment be entered in favor of Unified for all damages suffered by Unified on account of Defendants Samples and Knox's breach of their common law duty of loyalty/good faith owed to Unified.

3.      That Defendants Samples and Knox, their officers, agents, employees, and all persons in active concert or participation with Defendants Samples and Knox, be permanently enjoined and restrained from misappropriating and unlawfully disclosing Unified's confidential business information, obtained while employed at Unified, for their own advantage and to Unified's detriment

4.      Enter judgment that the Defendants have infringed U.S. Design Pat. No. D501,975;

5.      Enter judgment pursuant to 35 U.S.C. § 283, preliminarily and permanently enjoining Defendants, their subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives and all parties in active concert and/or participation with them from further infringement of U.S. Design Pat. No. D501,975;

6.      Order Defendants to account for and pay to Unified all damages caused to Unified by Defendants' infringement including any and all lost profits, but in no event less than a

reasonable royalty for the use made of the invention by Defendants, together with interest and costs pursuant to 35 U.S.C. § 284;

7. Enter judgment that Defendants' acts of infringement have been willful, and award Unified treble damages pursuant to 35 U.S.C. § 284;

8. Enter judgment determining that this is an exceptional case, and award Unified its prejudgment interest, costs and attorneys' fees pursuant to 35 U.S.C. § 285;

9. That Defendants, their officers, agents, employees, and all persons in active concert or participation with Defendants, be permanently enjoined and restrained from:

   (a) using any trade dress that is similar to Unified's trade dress or that dilutes the value thereof, in connection with its business or products;

   (b) expressly or impliedly representing itself, its businesses, or its products or services as affiliated, connected, or associated with, or authorized, sponsored, or approved by Unified;

   (c) passing off to the public that its business or products are those of or originate with Unified;

   (d) engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, or misunderstanding as to the affiliation, connection, or association or origin, sponsorship, or approval of its business or products with or by Unified;

   (e) otherwise infringing upon Unified's trade dress or unfairly competing with Unified in any manner whatsoever; and

   (f) tarnishing or otherwise diluting the distinctive quality of Unified's trade dress or otherwise injuring Unified's business reputation.

10. That an accounting be ordered and judgment be rendered against Defendants for all profits received from the sale of products directly or indirectly in connection with, advertised or promoted in any manner, using elements of Unified's trade dress or by using any related false representations, descriptions, or designations of origin with respect to its products and services.

11. That judgment be entered in favor of Unified for all damages suffered by Unified on account of Defendants' trade dress infringement and unfair competition, including interest that may be due, and that such damages be trebled pursuant to 15 U.S.C. § 1117.

12. That Defendants be ordered to deliver up for destruction, in accordance with directions of the Court, all items bearing Unified's trade dress, including any and all products and advertising;

13. That judgment be entered in favor of Unified for all damages suffered by Unified on account of Defendant Southern's tortious interference with the contract and/or tortuous interference with an advantageous business relationship between Unified and Lorenz, and that such damages be trebled if the Court deems it appropriate; and

14. Grant Unified such other and further relief as the Court may deem just and proper.

Dated: January 6, 2009

Respectfully submitted,

By: _____
Paul D. Lehmann

*Attorneys for Plaintiff Unified Marine, Inc.*

BOND, SCHOENECK & KING,
4001 Tamiami Trail North, Suite 250
Naples, FL 34103-3555
Telephone: (239) 659-3800
Facsimile: (239) 659-3812
Email: plehmann@bsk.com

1514323.1 1/6/2009